UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HUGUES-DENVER AKASSY,

        Plaintiff,

  -against-

HOWARD D. SIMMONS, in his capacity
as 18B Court-Appointed Counsel,

        Defendant.

---

DOCKET No.: ___-CV-___ ( )

COMPLAINT

Requesting Jury Trial

PRO SE

CV 17 1466

AZRACK, J.

SHIELDS, M.J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAR 06 2017 ★
BROOKLYN OFFICE

    1.    Parties in this complaint:

Plaintiff    Name:    Hugues-Denver Akassy
                              DIN #: 11 A 5580
                              Clinton Correctional Facility
                              P.O. BOX 2001
                              Dannemora, New York 12929

Defendant    Name:    Howard D. Simmons, P.C.
                              Attorney at Law
                              217 Broadway
                              Suite 603
                              New York, New York 10007
                              Tel: (212) 233-1486
                              Fax: (212) 271-4230
                              E-mail: hslawoffice@gmail.com

**FEDERAL COURT JURISDICTION**

      2. This is a complaint against the Defendant Howard D. Simmoms, 18B, Attorney at law, for (a) Legal Malpractice, (b) Ethic Violation, (c) Misconduct, (d) Corruption, (e) Abuse of Trust, (f) Conspiracy to Commit Forgery, Fraud and Lies, (g) Conflicts of Interest, (h) Defamation, (i) Distortion, (j) Intentional Tort, (k) Psychological and Emotional Distress, (l) Racism, (m) Negligence, and, that, this matter is in this Court's jurisdiction under **Diversity of Citizenship**. Plaintiff is a non-U.S. Citizen and he is a resident of both Washington, D.C. and Paris, France.[1]

**STATEMENT OF CLAIM:**

      3. I, Hugues-Denver Akassy, Journalist and a foreign correspondent to the United States, the Plaintiff in this action, state the following to be true under penalties of perjury.

      4. The Defendant, Howard D. Simmons, is an 18B Court-Appointed Counsel and was assigned as my first counsel on my alleged criminal case on or about July 29, 2010, two days after my arrest, to represent me at trial upon a charge of alleged rape in 24 trumped-up counts of indictment that was known to be fraudulent, forgery and lies. The Defendant has serious conflicts of interest with New York County District Attorney's Office and Judge Carol Berkman from New York County Criminal Court system.

---

[1] A prisoner generally retains his pre-incarceration domicile rather that establishing a new domicile where he is incarcerated. See, LoCurto v. LoCurto, No. 07 Civ. 8238 (NRB), 2008 WL 4410091, at *5 (S.D.N.Y. Sept. 25, 2008); Poucher v. Intercounty Appliance Corp., 336 F. Supp. 2d 251,253 (E.D.N.Y. 2004); Waste Recovery v. Mahler, 566 F. Supp. 1466, 1468 (S.D.N.Y. 1983). But see, Housand v. Heiman,

5. I, the Plaintiff, am a black African-French and a freelance French TV journalist - a foreign correspondent to the United States since 1994, covering the United Nations, the White House, the U.S. Congress, the U.S. State Department and the Pentagon. At all times, I was a private citizen of a good name repute, entitled to my Constitutional protected rights.

6. On July 27, 2010, I was set-up and framed by the 20th Precinct NYPD detectives Carl Roadarmel and Francis Brennan and Police Officer Jennifer Longo; New York County District Attorney Cyrus Vance Jr. and his Assistant District Attorneys Jessica Troy and Emily Auletta; Pre-trial Judge Carol Berkman and Trial Judge Jill Konviser; my first Court-Appointed Counsel Howard D. Simmons (the Defendant) and my second Court-Appointed Counsel Glenn F. Hardy, for alleged crimes of rape in the first degree in 24 trumped-up counts that was known to be false - because I had a romantic relationship with a white Jewish woman, Orly Jeilinek, who happened to be married to a white Jewish NYPD Captain whose colleagues from the NYPD 20th Precinct were out to destroy me as a legitimate professional respected international journalist. The New York County District Attorney's Office, knowingly, intentionally and deliberately proceeded to falsify the Grand Jury's True Bill of Indictment No. 03884/2010 which was signed by the Foreman and stamped by the Grand

---

594 F. 2d 923, 926 n. 5 (2d Cir. 1979) (per curiam) (a prisoner is allowed an opportunity to show that he has satisfied the prerequisites for establishing domicile in his place of incarceration). Annexed hereto as **EXHIBIT A**.

Jury Criminal Court, to introduce a stampless, numberless and unsigned bill of indictment on 24 trumped-up counts to my jury trial, and corrupted the Defendant not to address their misconduct to drag me to trial with my second Court-Appointed Counsel Glenn F. Hardy - who refused also to address my defective indictment - to have me wrongly convicted of alleged rape in the first degree, aggravated harassment and stalking, whose two latter charges No. 2009NY034165 and 2009NY034164 were already tried by a different Court and I was found **not** guilty and the Grand Jury in this case never voted for to have me indicted. As a result, I was sentenced to 20 years in prison and one year in jail for each of the misdemeanors to be served concurrently

    7. On or about July 29, 2010, approximately 1 A.M., the Defendant met with me inside of the Manhattan's Criminal Courthouse Holding Cell for only about 5 minutes consultation before I ended up with him before my arraignment judge (a male judge) on the charges of alleged rape in the first degree and sexual abuse on 3 counts, and a bail of $100,000 was set upon me, then the Defendant disappeared to never meeting with me again to discuss my defense strategy until we both ended up before the Grand Jury on that same day of July 29, 2010.

    8. The Defendant was sitting near me during my entire Grand Jury testimony as I challenged Assistant District Attorneys Jessica Troy and Emily Auletta, about its illegality because a) the prosecutors allowed me only to testify on the alleged incident of rape upon my Russian-date but denied my Constitutional rights to

testify on additional trumped-up counts in the matters of b) Orly Jeilinek, the wife of the NYPD Captain; c) Paola d'Agostino; d) Bess Greenberg; e) Melissa Oaks, whose alleged aggravated harassment case No. 2009NY034165, was downgraded by a simple violation by a trial judge and dismissed but was rejiggered from the Court Record by the prosecutor to be introduced maliciously to the Grand Jury into the alleged case of rape on my Russian date; f) Marie-Cecile Girard case No. 2009NY034164, which was already tried and found not guilty by an unanimous jury verdict but, again, was rejiggered by the prosecutor to be introduced maliciously to the Grand Jury into the alleged case of rape on my Russian date.[2]

9. The prosecutors, not only refused to inform me about all charges against me before I testified to the Grand Jury, but I was subjected to their bully, constant interruptions, outside the issue I was to testify about, and denied me my Constitutional rigths to fully testify on unknown new charges on top of their alleged rape in the first degree and sexual abuse charges with respect to my Russian date. And yet the Defendant failed to file a motion to dismiss my indictment No. 03884/2010 as defective in the first place.

10. The Defendant knew that Orly Jeilinek was a liar and that she made-up her allegations of Criminal Sexual Act and Sexual

---

[2] On July 27, 2010, my Russian woman, a blonde white 45-year-old, and I had a romantic picnic-date at the Riverside Park in Manhattan over champagne, wine, cheese, baguette and a bouquet of red roses which ended into a consensual sex. Because she was married to a Russian tycoon with a son, and that the NYPD 20th Precinct and the prosecutors were after me to settle-score to have me destroyed as a journalist for dating the wife of one of their colleagues, the police set me up with frivolous charges of rape, aggravated harassment and stalking. And yet my Russian date was a missing witness at trial to be cross-examined on her alleged rape in the first degree charge.

Abuse in collusion with the prosecutors and her cop-husband to settle score because she felt "dumped" by me and caught by her husband for having an affair with a black man. The defendant knew about the life-threatening phone calls and e-mail messages sent by Ms. Jeilinek and her cop-husband which had nothing to do with me having committed an alleged Criminal Sexual Act and Sexual Abuse on Ms. Jeilinek but to simply returning her gift-scarf to me back in 2007, as the eery e-mail reads:

> From:    nypdcaptain12@aol.com
> Date:    Sat, 22 Dec 2007  12:26:06
> To:      hda@orbitetv.org   (Hugues-Denver Akassy)

"You did not block this email !!!!!! My wife [sic] got a Text message from you last night. At almost 11 PM. I know you know who I am ... I believe you call me 'Tony'. Mr. Akassy, 'Tony' is a Teddy Bear compared to me !!!!!! As a retired Captain with NYPD, I was looking forward to AVOIDING scum bags like you but you give me no choice. !!!! You dont want to make me angry. I have dealt with lots of GARBAGE in my 20 years ........ it would be ugly, trust me !!! She waited long enough for her stuff & if you dont return it within a week, well I will have my 'people' wrap your balls around your neck & hang you naked upside down over the Hudson River wearing cement shoes. I know what you look like & can put an 'APB' on your ASS. Mr. Akassy, do not MESS with ME !!!!!!!!!! The only reason I am even giving you the opportunity to return it & not get you myself because its the Holidays & I wouldnt want to upset your Mom in Cote D'Ivoire. (I understand you had another confrontation with another married woman's husband last week) Is this a pattern of yours, lurking around Central Park picking up married women? How did Jacqueline feel throughout all of this. I will harass you & haunt you & hunt you. I will make your life / Business a PERFECT NIGHTMARE. YOU ARE A MOTHER FUCKEN PSYCHO & I WILL HAVE YOU BEG FOR MERCY IF YOU DONT RETURN IT TO MY WIFE ASAP !!!!!!"

Annexed hereto as **EXHIBIT B** is a true copy of the e-mail to me.

11. On August 16, 2010, the prosecutors submitted 24 trumped-up counts, which included the Double Jeopardy case of Marie-Cecile Girard No. 2009NY034164 and Melissa Oaks Double jeopardy case No. 2009NY034165, to the Grand Jury against me; the Grand Jury voted to indict me on only 4 counts, not on 24 counts. As a result, the prosecutors falsified the Grand Jury's True Bill of Indictment No. 03884/2010 which was <u>stamped</u> by the Court and <u>signed</u> by the Foreman, to introduce a stampless and un-signed bill on 24 counts to pre-trial Judge Carol Berkman and bribed the Defendant, Howard D. Simmons, in order to have me arraigned on 24 counts on September 15, 2010. Annexed hereto as <u>EXHIBIT C</u> is a true copy of the prosecutors' forged bill of indictment on 24 counts; and, annexed hereto as <u>EXHIBIT D</u> is a true copy of the Grand Jury's True Bill of Indictment No. 03884/2010, which was stamped by the Grand Jury and signed by the Foreman.

12. The Defendant was fully aware that the Grand Jury's Bill of Indictment No. 03884/2010 upon which I was arraigned before pre-trial Judge Carol Berkman, was fraudulent and a forgery but he proceeded to do so in a Courthouse full of audience and media-frenzy to have me humiliated in the process.

13. In a letter dated October 22, 2010, the Defendant provided me the Grand Jury testimonies of complainant-witnesses Orly Jeilinek, Melissa Oaks, Paola d'Agostino and Bess Greenberg but colluded with New York County District Attorney's Office to conceal my Grand Jury testimony minutes which was <u>exculpatory</u> because it challenges the People's Grand Jury proceedings defectiveness. Annexed hereto as <u>EXHIBIT E</u> is a true copy of the Defendant's letter.

14.  In an Attorney-Client-Privileged-Communication with the Defendant, on or about July 29, 2010, I conferred with him the exact locations of my belongings inside of my Equinox Sport Club which included my laptops, my traveling passports, my electronic devices, toilet products and cosmetics, business attires, tee-shirts, under-wears, etc. all into my gym's locker; and, at my mini-storage temperature-control in the Bronx, New York, which included a broad variety of my journalistic television production equipment, business attires, TV news story tapes, my Orbite TV Show programming tapes, several confidential press documents, press credentials, production chair, bike Treck, television Sony Beta SP broadcasting Camera, photo-cameras, post-productions equipment, etc.. Annexed hereto as **EXHIBIT F** is true copies of some of my properties seized without probable cause as a result of the Defendant's betrayal to share my confidential information to him with the prosecutors for a quid pro quo. Annexed hereto as **EXHIBIT G** is true copy of Defendant's notes.

15.  The Defendant shared the exact locations of my properties at the Equinox Sport Club, at Manhattan Columbus Circle, and, at my mini-storage-temperature-control, in the Bronx, New York, with the District Attorney's Office in order to have my properties searched and seized without probable cause as my properties have no evidentiary values in the People's alleged criminal case against me whatsoever. As a result, the prosecutors maliciously downloaded confidential information from my electronic devices to have me slandered in the media to impugn my reputation.

16.  I was wrongly convicted of the trumped-up charges of rape in the first degree, aggravated harassment and stalking,

because the Defendant commited malpractice, negligence, intentional tort, for deliberately allowing to have me arraigned on 24 trumped-up counts of a forged bill of indictment that was known to be defective in the first place.[3]

17.  The Defendant, maliciously, used the prosecutors' trumped-up criminal case against me to promote himself in the local news media and tabloid press such as The New York Times, the Associated Press, the New York Post, the New York Daily News, PIX 11 News, ABC, NBC, FOX, CBS and other Internet Outlets and at no times the Defendant advocated me as a legitimate French TV journalist and a foreign correspondent to the United States as I was subjected to fake news stories, rumors, innuendos, speculations, bully, abuse, bigotry, prejudism, racism, xenophobia and name-calling. Annexed hereto as **EXHIBIT H** is true copies of vile libels from some media.

**CRIMINAL CONSPIRACY**

18.  The actions of the Defendant were immediate and, for me, devastating and exposed me to wrongful convictions for alleged crimes I did not commit and years in prison as a result of the Defendant's malpractice, intentional tort, negligence and criminal cospiracy to have me arraigned on a defective indictment that the Grand Jury did not vote for to end up with a missing alleged witness of rape in the first degree in violation of my State and Federal Constitutional rights to confront my alleged accuser.

---

[3] The Statute of Limitation for Legal Malpractice in the State of New York is 3 years and the Grand Jury's True Bill of Indictment No. 03884/2010 evidence was discovered on January 26, 2015. I filed

19. The Defendant's legal malpractice unwarrantedly exposed me to emotional and psychological stress, torture and physical assaults by Correctional Officers and unruly inmates as I was subjected rib fracture, eyes and ear injuries.

20. The Defendant's legal malpractice unwarrantedly triggered my immigration deportation proceedings for being wrongly convicted of alleged rape in the first degree, aggravated harassment and stalking.

21. The Defendant's legal malpractice unwarrantedly violated my Civil Rights as well as my Fifth, Sixth and Fourteenth Amendments rights under the Constitution of the United States of America.

22. By reason of the Defendant's legal malpractice as, the inalienable Civil Rights guaranteed I am entitled to, have been in such manner as to outrage me as a person of ordinary sensibilities.

23. On September 15, 2010, upon my defective indictment on 24 trumped-up counts, I asked the Court (Judge Carol Berkman) to remove the Defendant from my case because he also betrayed me to share my confidential information to him with the prosecutors to have my properties searched and seized without probable cause. As

---

a Pro Se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by a person in State Custody, Case Docket No. 16-CV-7201(LAP) currently in litigation in Federal Court. On January 26, 2015, upon the discovery of the Grand Jury's True Bill of Indictment No. 03884/2010 from my Appeal on Record which was inadvertently sent to me by the corrupt Office of the Appellate Defender of Mr. Richard M. Greenberg, I realized that, in fact I was <u>not</u> indicted on 24 trumped-up counts and I submitted said Grand Jury's True Bill of Indictment No. 03884/2010 which was stamped by the Court and signed by the Foreman, to Justice David Friedman of the Appellate Division, First Department, to grand my Application for Leave to appeal the denial of my CPL § 440.10 without a hearing Pursuant to CPL § 460.15.

a result, Judge Berkman had her Jewish-relative Glenn F. Hardy assigned on my case in subtitute of her Jewish-relative Howard D. Simmons to proceed to sabotage my trial for the benefit of the New York County District Attorney Cyrus Vance Jr. and his Assistant District Attorneys Jessica Troy and Emily Auletta.

24. The Defendant's legal malpractice and criminal conspiracy were intended to torpido and misrepresenting me in the news media to have me wrongly convicted of alleged heinous crimes I did not commit, and, unwarrantedly deprivation of my Civil and Constitutional Rights as, scandalously and maliciously done, have and will damage my reputation, sensitivities and character as a respected international freelance French TV journalist and have and will oppress and subject me to great embarrassment and humiliation - even possible immigration violation deportation - all to their damage and great hurt.

WHEREFORE, Plaintiff demands of the Defendant Howard D. Simmons, damage for legal malpractice, negligence, intentional tort, emotional and psychological distress, in the sum of $150,000,000 (One Hundred Fifty Million Dollars).

WHEREFORE, Plaintiff demands a punitive damage for legal malpractice, negligence, intentional tort, emotional and psychological distress, in the sum of $150,000,000 (Hundred Fifty Million Dollars).

I DECLARE UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: March 1st, 2017
      Dannemora, New York

                                          Respectfully submitted,

                                          */s/ Hugues-Denver Akassy*
                                          Hugues-Denver Akassy
                                          Plaintiff's Pro Se
                                          DIN #: 11 A 5580
                                          Clinton Correctional Facility
                                          P.O. BOX 2001
                                          Dannemora, N.Y. 12929